**Thomas PORTEE, Plaintiff–Appellant,**

v.

**SPRINT/UNITED MANAGEMENT COMPANY, a corporation, Defendant–Appellee.**

No. 06–56274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed April 7, 2008.

Robert Hampton Rogers, Esq., Sullivan, Workman & Dee, Los Angeles, CA, for Plaintiff–Appellant.

George S. Duesdieker, Esq., Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Los Angeles, CA, Paul W. Sweeney, Jr., Esq., Sprint Law Department, San Mateo, CA, for Defendant–Appellee.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM *

This is an appeal from a grant of summary judgment for the defendant, Sprint

---

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

United Management Company, in a diversity civil rights action claiming racial discrimination in violation of the California Fair Employment and Housing Act ("FEHA") in connection with the termination of the plaintiff, Thomas Portee. There was evidence that Sprint's store manager wanted to terminate Portee's employment after Portee's angry dispute with a customer. There was no evidence that the reason the manager gave to Michelle Dugas in the Human Resources department, who was responsible for making the termination decision, was a pretext for racial discrimination, nor was there any evidence that the termination was in any way motivated by racial animus. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000) (explaining that California courts look to federal precedent when applying FEHA).

Plaintiff was an at-will employee terminated for violation of company policies against physical restraint of customers. California has never recognized a public policy in favor of permitting such activity. The termination was not in violation of public policy under California law as defined by its Supreme Court. *See City of Moorpark v. Superior Court*, 18 Cal.4th 1143, 77 Cal.Rptr.2d 445, 959 P.2d 752, 762 (1998).

Plaintiff's conduct, and not the lack of a security guard, was the proximate cause of the termination. The negligence claim is without merit.

**AFFIRMED.**